UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROBERT PATRICK DEMAYO, JR.,

        Plaintiff,

v.                                              ACTION NO. 2:12cv357

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. §§ 405(g), seeking judicial review of the decision of the Commissioner of Social Security to deny his claim for Disability Insurance benefits and his claim for Supplemental Security Income under Titles II and XVI of the Social Security Act.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference filed September 28, 2012.

### I. PROCEDURAL BACKGROUND

Robert Patrick DeMayo, Jr. ("Mr. DeMayo") filed applications for disability insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") with the Social Security Administration on July 15, 2009. R. 144-54.[1] Mr. DeMayo alleged an onset of disability as of

---

[1] "R." refers to the Administrative Record.

November 30, 2008 (R. 144) due to triple arthrodesis of the right ankle and back injury. R. 182. His applications were denied initially and on reconsideration. R. 75-77, 98-99.

A hearing before an Administrative Law Judge ("ALJ") was held on April 26, 2011. R. 43-56. Finding Mr. DeMayo was not disabled, the ALJ denied the claim for DIB and SSI on May 3, 2011. R. 7-23. The Appeals Council of the Office of Hearings and Appeals of the Social Security Administration denied Mr. DeMayo's request for review. R. 24-27. This makes the ALJ's decision the final decision of the Commissioner subject to judicial review here, pursuant to 42 U.S.C. § 405(g).

Mr. DeMayo brought this action seeking judicial review of the decision of the Commissioner denying his claim for DIB and SSI. Mr. DeMayo filed a complaint on July 26, 2012, and Defendant filed an answer on September 27, 2012. Mr. DeMayo has submitted an affidavit of poverty, and the court has granted Mr. DeMayo's application to proceed in forma pauperis.

On October 3, 2012, the undersigned entered an Order directing Mr. DeMayo to file a motion for summary judgment by November 2, 2012. ECF No. 10. Mr. DeMayo failed to comply with the order, and the undersigned entered a second order on November 8, 2012. ECF No. 11. Mr. DeMayo was ordered to file an explanation and show cause why the undersigned should not recommend to the United States District Court Judge that his Complaint be dismissed for failure to prosecute and to comply with the Rules and Order of the Court. He was given until November 30, 2012 to comply. A copy of this second order was mailed to Mr. DeMayo by certified mail return receipt requested. A receipt was returned to the court on November 14, 2012 with Mr. DeMayo's signature, indicating delivery on November 9, 2012. ECF No. 12. The Court has received no

2

further documents from Mr. DeMayo since the submission of his Complaint on July 26, 2012.

## II. ANALYSIS

By Order entered October 3, 2012, Mr. DeMayo was directed to file a motion for summary judgment by November 2, 2012. Mr. DeMayo was then given until November 30, 2012 to explain to the Court the reason for failing to comply with the original order. Despite these orders, Mr. DeMayo has failed to file a Motion for Summary Judgment or any explanation for his failure to so file. Mr. DeMayo has failed to prosecute this case and comply with the orders of this Court. Therefore, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the Complaint be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

3

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
January 2, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Robert Patrick DeMayo, Jr.
603 Waters Drive
Virginia Beach, VA 23462

Virginia Lynn Van Valkenburg, Esq.
United States Attorney Office
101 W. Main St.
Suite 8000
Norfolk, VA  23510

            Fernando Galindo, Clerk

         By _____
            Deputy Clerk

            January    , 2013